JUSTICE COTTER
dissents.
¶11 I dissent. Although the briefs of the parties are unclear on several points, what is apparent is that Jemigan-the primary victim-has not been reimbursed for her out-of-pocket expenses. Section 46-18-251(3)(a), MCA, provides that in the payment of restitution, disbursements are to be made first to the victim until her unreimbursed pecuniary loss is satisfied. Next in order of priority for restitution is the crime victim’s compensation and assistance program, followed by any other government agency that has compensated the victim for her losses. An insurance company that has compensated the victim-such as Arnica Mutual here-is fourth in line. Section 46-18-251(3)(d), MCA. In light of this statutory directive, in my judgment, the District Court erred in concluding that Arnica Mutual was entitled to its subrogation recovery ahead of Jemigan. I would therefore reverse and remand for an order of restitution consistent with the hierarchy set forth in the statute. I dissent from our refusal to do so.
JUSTICE NELSON joins in the dissent of JUSTICE COTTER.